HARRIET B. CALABRESE,

*v.*

JOSEPH CALABRESE.

[Decided May 20th, 1929.]

*Mr. Louis A. Fast,* for the appellant.

*Mr. Aaron Lasser,* for the respondent.

PER CURIAM.

Mrs. Calabrese filed her bill in the court of chancery under section 26 of the Divorce act (*Comp. Stat. p. 2038*), in which she charged that her husband, without justifiable cause, had separated himself from her and refused and neglected to properly maintain and provide for her; and prayed that a decree be entered against him commanding him to provide suitable support and maintenance for herself and their three young children, who were living with her. The hearing resulted in an allowance to the complainant of $60 a week, with counsel fee and costs, and from the decree entered in accordance with this finding the husband has appealed.

The only contention made before us as a ground for reversing the decree is that "a wife is not entitled to a decree in the court of chancery unless it is proved that the husband abandoned his wife, or separated from her, and refuses or neglects to maintain and provide for her." In arguing this proposition, there is no contention on the part of the appellant that the court of chancery was not justified in finding that the husband had abandoned his wife. Counsel contents himself with arguing that the award for maintenance was improper, because there was no proof of neglect on the part of the husband to maintain and provide for his wife, it being admitted by her that he had paid to her for the support of herself and their children from $20 to $30 per week. The basis of this contention would seem to be that any sum of money furnished by the husband to the wife to be appropriated for her maintenance, even if not sufficient for her proper support, will divest the court of chancery of the jurisdiction conferred by the statute; but, as was pointed out by Mr. Justice Kalisch in the case of *Mackay* v. *Mackay, 83 N. J. Eq. 650,* the statute, by implication, requires the husband to provide a support for his wife suitable to his income, and that, unless he does so, the court of chancery has jurisdiction to determine what is a proper amount to be contributed by him for that

purpose. The same view is expressed in the opinion in *O'Brien* v. *O'Brien, 49 N. J. Eq. 436,* which holds that it is the duty of the court of chancery, under the statute, to determine whether the amount already provided by the husband for his wife is such as the nature of the case and the circumstances of the parties render suitable and proper; and that, if it appears that the amount provided is insufficient for the suitable support of the wife, then to fix a proper sum to be paid by the husband on that account.

It is apparent from these citations that the court had full jurisdiction to pass upon the matters involved in the litigation; and the proof as to the husband's financial status, we think, entirely justified the award of the vice-chancellor.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.